IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL |
| | : | NO. 03-315 |
| v. | : | |
| | : | |
| CALVIN WILLIAM | : | |

O'NEILL, J.                                                                        FEBRUARY 9, 2011

## MEMORANDUM

Petitioner Calvin William was convicted of violating 18 U.S.C. § 922(g)(1), which prohibits a felon from possessing a firearm. Presently before me is petitioner's 28 U.S.C. § 2255 motion in which he argues that his sentence should be vacated because his trial counsel provided ineffective assistance. On November 29, 2010, Judge Restrepo recommended denying petitioner's motion. On January 18, 2011, petitioner, with the assistance of court-appointed counsel, filed objections to the Report and Recommendation. Following <u>de</u> <u>novo</u> review, <u>see</u> 28 U.S.C. § 636(b)(1), I will overrule petitioner's objections and approve and adopt the Report and Recommendation.

## ANALYSIS[1]

Petitioner argues that, for two reasons, he received ineffective assistance of counsel at trial and on appellate review. First, he argues that there was insufficient evidence to establish that he possessed a firearm and that, accordingly, it was unreasonable for his trial counsel not to move for judgment of acquittal at the close of the government's case. Further, he argues that his appellate counsel provided ineffective assistance of counsel by failing to raise a sufficiency of the evidence argument on appeal. Second, petitioner argues that it was unreasonable for his trial

---

[1] The background of this case has been accurately set forth in the Report and Recommendation. I need not reproduce it here.

counsel not to call him to the stand to testify.

"To make out a claim of ineffective assistance of counsel, and thus be entitled to collateral relief from a conviction or sentence, a habeas petitioner must show that his counsel's performance was deficient and that this deficient performance caused him prejudice." Saranchak v. Beard, 616 F.3d 292, 301 (3d Cir. 2010), citing Strickland v. Washington, 466 U.S. 668, 687 (1984). "To be deficient, counsel's performance must fall below an objective standard of reasonableness." Id., citing Strickland, 466 U.S. at 687-88. "To demonstrate prejudice, the petitioner 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id., quoting Strickland, 466 U.S. at 494.

I.      Sufficiency of the Evidence

Petitioner argues that he received ineffective assistance of counsel when his trial counsel did not move for a judgment of acquittal at the close of the government's case. The government argues that trial counsel's failure to move for a judgment of acquittal does not constitute ineffective assistance of counsel because such a motion would have been futile. "There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999).

The dispositive question, then, is whether a motion for acquittal at the close of the government's case would have been futile. Rule 29 of the Federal Rules of Criminal Procedure empowers the district court to grant a judgment of acquittal where the evidence presented at trial "is insufficient to sustain a conviction." "When evaluating a sufficiency of the evidence challenge, [courts] must view the evidence in the light most favorable to the government and

must sustain the jury's verdict if a reasonable jury believing the government's evidence could find guilt beyond a reasonable doubt." United States v. Vosburgh, 602 F.3d 512, 537 (3d Cir. 2010). "The evidence need not unequivocally point to the defendant's guilt as long as it permits the jury to find the defendant guilty beyond a reasonable doubt." United States v. Pungitore, 910 F.2d 1084, 1129 (3d Cir. 1990). As part of my review, I must "examine the totality of the evidence, both direct and circumstantial," United States v. Starnes, 583 F.3d 196, 206 (3d Cir. 2009), and bear in mind that the jury is "entitled to draw reasonable inferences from the trial evidence." Vosburgh, 602 F.3d at 537. In challenging the sufficiency of the evidence, the petitioner bears an "extremely high" burden. Starnes, 583 F.3d at 206.

Petitioner argues that the government's evidence was insufficient to allow a reasonable jury to conclude that he possessed the gun that was found in the center console of the car he was driving. "Constructive possession exists if an individual knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons." United States v. Boria, 592 F.3d 476, 487 (3d Cir. 2010) (internal quotation marks omitted), citing United States v. Iafelice, 978 F.2d 92, 96 (3d Cir. 1992). Although proximity to the contraband is a relevant consideration, United States v. Lopez, 271 F.3d 472, 487 (3d Cir. 2001), proximity alone is insufficient to prove that an individual had the power and intention to exercise dominion and control over such contraband. United States v. Jenkins, 90 F.3d 814, 818 (3d Cir. 1996). The government must present additional evidence linking the individual to the contraband. Such additional evidence might include evidence that: "[the individual] lied to the police about his identity," id.; the individual acted evasively, United States v. Bellinger, 461 F. Supp. 2d 339, 347 (E.D. Pa. 2006); or the individual made

3

"statement[s] indicating involvement in an enterprise." Id.

The jury was entitled to infer from the evidence presented that petitioner possessed the firearm recovered from the vehicle. The record shows that petitioner arrived at David Johnson's grocery store and demanded to see Joseph Boyer, who allegedly owed petitioner money. When Johnson informed petitioner that Boyer was no longer employed there, petitioner stated that he would return at 9:00 P.M. and if Boyer was not at the store he would "go across the street, drag his grandmother out [of] the house, put two bullets in her and come back and spray the store." Trial Tr. 64:7-10 (T. Johnson Test.) (June 3, 2004). At exactly 9:00 P.M., petitioner appeared at the front door of the store wearing, among other things, a black skull cap. Id. at 65:1-7; 88:15-16. Toya Johnson, David Johnson's wife, described petitioner's demeanor as "angry" and "puffed." Id. at 65:15. She testified that petitioner was "hollering" and was acting "like a bull being mad, wanting to charge." Id. at 65:25-66:3.

Philadelphia police officers, who were sitting outside the grocery store in a marked patrol car, observed petitioner drive up in a white Ford Expedition. Trial Tr. 84:24-85:11 (Fletcher Test.) (June 3, 2004). The Ford Expedition was registered to petitioner's wife. Trial Tr. 100:25-101:2 (Turk Test.) (June 3, 2004). After David Johnson identified petitioner as the man who had threatened him earlier, the officers handcuffed and frisked him. Trial Tr. 88:17-89:2 (Fletcher Test.) (June 3, 2004). Petitioner falsely identified himself to the officers as "Johnny Paterson" and falsely claimed he was related to Johnson. Id. at 91:4-8; 85:18-22. When the officers searched the vehicle petitioner was driving, they uncovered a firearm wrapped in a black skull cap. Id. at 97:24-98:6. One of the officers testified that the skull cap was "a basic winter type hat" that "was probably a unisex hat but it was nothing that I would figure or I've seen a woman

4

wear type of hat." Trial Tr. 101:24-102:5 (Turk Test.) (June 3, 2004). The firearm was recovered from a compartment in the vehicle that was easily accessible to petitioner and the hat in which it was wrapped was similar to the one he was wearing at the time of his arrest.

I find that Judge Restrepo correctly concluded that there was sufficient evidence to support the jury's finding that petitioner possessed the weapon in question.[2] I will accordingly overrule petitioner's objection to the Report and Recommendation.[3]

## II. Failure To Call Petitioner To Testify

Petitioner also argues that his trial counsel was ineffective for failing to call petitioner to testify in his own defense. I presume that trial counsel rendered professionally reasonable legal assistance. Strickland v. Washington, 466 U.S. 668, 689 (1984) ("Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"). "Where a defendant is aware of and understands his right to

---

[2] Because there trial counsel's decision not to move for judgment of acquittal was reasonable, appellate counsel's decision not to raise the issue on appeal did not constitute ineffective assistance of counsel.

[3] I disagree with petitioner's arguement that Judge Restrepo applied a "watered down" version of the beyond a reasonable doubt standard of proof. Def.'s Br. at 5. Judge Restrepo noted that "[i]n cases such as this involving constructive possession of objects in vehicles, evidence needed to link a petitioner to contraband generally need not be as strong as when objects are found in residences, where spaces tend to be relatively accessible to any occupants." United States v. William, Report and Recommendation at 8 (Nov. 29, 2010), citing United States v. Brown, 3 F.3d 673, 683 (3d Cir. 1993). This statement simply stands for the unexceptional proposition that where contraband is found in a place where few individuals have access to it, the contraband is likely to have been possessed by one of those individuals. There is no indication in the Report and Recommendation that Judge Restrepo did not correctly apply the constitutionally required beyond a reasonable doubt standard of proof.

5

testify . . . counsel's alleged failure to call the defendant to the stand does not constitute ineffective assistance of counsel." United States v. Smith, 235 F. Supp. 2d 418, 424 (E.D. Pa. 2002), citing United States v. Castillo, 14 F.3d 802, 804-05 (2d Cir. 1994). "[T]he [petitioner] must produce something more than a bare, unsubstantiated, thoroughly self-serving, and none too plausible statement that his lawyer (in violation of professional standards) forbade him to take the stand." Id.

Here, the record is clear that petitioner discussed with his trial counsel whether to testify. Hearing Tr. 40:3-41:23 (Def. Test.) (July 30, 2010). Trial counsel advised petitioner that, for three reasons, he should decline to testify. Id. Petitioner admitted both that his trial counsel never forbade him from testifying, id. at 46:3-4, and that he never asked to testify during the trial. Id. at 45:25-46:2.

In light of this evidence, I find that it was not professionally unreasonable for trial counsel to advise plaintiff not to testify. I will accordingly overrule petitioner's objection to the Report and Recommendation.

CONCLUSION

After de novo review of petitioner's objections to the Report and Recommendation, and for the foregoing reasons, I will overrule such objections and approve and adopt the Report and Recommendation.

An appropriate Order follows.